**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1229n.06

No. 12-3136

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

CUMBERLAND RIVER COAL COMPANY, )
                                           )
        Petitioner, )
                                            )
v. )
                                            )
BETTY JENT, on behalf of the Estate of Roy R. )   PETITION FOR REVIEW OF A
Jent; DIRECTOR, OFFICE OF WORKERS' )   DECISION AND ORDER OF
COMPENSATION PROGRAMS, UNITED )   THE BENEFITS REVIEW
STATES DEPARTMENT OF LABOR, )   BOARD
                                            )
        Respondents. )

**FILED**
*Nov 28, 2012*
DEBORAH S. HUNT, Clerk

BEFORE:  CLAY and STRANCH, Circuit Judges; BELL, District Judge.[*]

PER CURIAM.  Cumberland River Coal Company ("Cumberland") petitions for review of a decision and order of the Benefits Review Board affirming an administrative law judge's decision and order awarding benefits under the Black Lung Benefits Act to the estate of Roy Jent.

In October 2002, Jent, a former Kentucky coal miner, filed a claim for benefits under the Black Lung Benefits Act.  After the district director denied the claim, an administrative law judge ("ALJ") conducted a hearing and awarded benefits.  The Benefits Review Board affirmed the ALJ's decision in part, vacated in part, and remanded for further proceedings.  On remand, an ALJ again awarded benefits, and the Benefits Review Board affirmed that decision.  In its petition for review,

---

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

Cumberland asserts three claims of error: (1) the ALJ erred by refusing to consider certain evidence; (2) the ALJ erred by concluding that Jent was totally disabled; and (3) the ALJ erred by concluding that legal pneumoconiosis was a substantially contributing cause of Jent's disability.

When reviewing a decision of the Benefits Review Board, we consider whether the Board correctly concluded that substantial evidence supported the ALJ's decision. *Eastover Mining Co. v. Williams*, 338 F.3d 501, 508 n.9 (6th Cir. 2003). "Substantial evidence is defined as relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Cumberland River Coal Co. v. Banks*, 690 F.3d 477, 483 (6th Cir. 2012) (citation omitted). "A decision that rests within the realm of rationality is supported by substantial evidence." *Id.* (internal alterations and quotation marks omitted). "We review the Board's legal conclusions de novo." *Morrison v. Tenn. Consol. Coal Co.*, 644 F.3d 473, 477 (6th Cir. 2011). We review for an abuse of discretion an ALJ's decision to exclude evidence. *NLRB v. Jackson Hosp. Corp.*, 557 F.3d 301, 305–06 (6th Cir. 2009).

Cumberland first argues that the ALJ erred by refusing to consider the following evidence on the basis that it was in excess of the evidentiary limit established in 20 C.F.R. § 725.414(a)(3)(i): (1) a 2001 report prepared by Dr. Thomas Jarboe; (2) Jarboe's deposition testimony from 2003; and (3) a portion of a report prepared by Jarboe on November 8, 2005. Under § 725.414(a)(3)(i), a responsible operator may submit no more than two medical reports in support of its affirmative case. A medical report consists of a written assessment of the miner's respiratory or pulmonary condition, "prepared by a physician who examined the miner and/or reviewed the available *admissible* evidence." 20 C.F.R. § 725.414(a)(1) (emphasis added).

The ALJ did not abuse her discretion by refusing to consider Jarboe's 2001 report because Cumberland designated and submitted two other medical reports in support of its affirmative case, rendering the 2001 report excessive under § 725.414(a)(3)(i). Further, the ALJ did not abuse her discretion by refusing to consider Jarboe's deposition testimony and the majority of the conclusions in his 2005 report because both were based in part on the inadmissible 2001 report, and it was not possible for the ALJ to determine which of Jarboe's findings were based only on admissible evidence.

Cumberland next argues that the ALJ made several errors in determining that Jent was totally disabled: (1) the ALJ erroneously determined Jent's height for purposes of interpreting his pulmonary function tests; (2) the ALJ failed to set forth a valid basis for discounting the results of two non-qualifying pulmonary function tests; and (3) the ALJ erred by crediting the opinion of Dr. Glen Baker and disregarding the opinion of Dr. Jarboe on the issue of whether Jent was totally disabled. Substantial evidence supported the ALJ's finding that Jent was seventy-one inches tall, given that four of the six pulmonary function test reports considered by the ALJ listed Jent's height as seventy-one inches and Jent testified that he was seventy-one inches tall. Further, the ALJ adequately explained that the rejection of several of the pulmonary function tests, including the tests that yielded non-qualifying results, was based on the fact that the tests included only one tracing rather than the required three. *See* 20 C.F.R. § 718.103(b). In addition, it was rational for the ALJ to give little weight to Jarboe's opinion, given that Jarboe failed to explain how Jent's qualifying pulmonary function tests supported his opinion that Jent was not totally disabled, and to credit

Baker's opinion, given his explanation that his opinion was based on his physical examination of Jent, Jent's work history, and objective testing.

Finally, Cumberland argues that the ALJ erred in determining that legal pneumoconiosis was a substantially contributing cause of Jent's disability by relying on the conclusory opinion of Dr. Baker, while unreasonably disregarding the opinion of Dr. Jarboe. Cumberland's argument lacks merit. The ALJ rationally found that Dr. Baker's opinion was sufficiently reasoned, *see* 20 C.F.R. § 718.204(c)(2), given his explanation that Jent's long-term exposure to coal dust and medical problems were consistent with legal pneumoconiosis and that other factors such as Jent's heart disease, smoking, and obesity were not likely to cause his condition. It was also rational for the ALJ to give less weight to Dr. Jarboe's opinion on the basis that he failed to persuasively explain why he discounted Jent's long-term coal dust exposure as a factor in his pulmonary impairment, and failed to adequately address Jent's qualifying pulmonary function tests and fully disabling impairment.

Accordingly, we deny Cumberland's petition for review.